FILED
IN COURT
ASHEVILLE, N.C.

DEC 1 3 2011

U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR60

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER AND** |
| v. | ) | **JUDGMENT OF FORFEITURE** |
| | ) | |
| (2) BOBBY DEWAYNE SHELTON, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the defendant BOBBY DEWAYNE SHELTON has entered into a plea agreement (incorporated by reference herein) with the United States and has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); or substitute property for which under 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 981(a)(1), 28 U.S.C. § 2461(c), 49 U.S.C. § 80303, 26 U.S.C. § 5872, and/or 26 U.S.C. § 853, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein;

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and that the defendant has a legal interest in the property;

WHEREAS, the defendant withdraws any claim previously submitted in response to an administrative forfeiture or civil forfeiture proceeding concerning any of the property described below. If the defendant has not previously submitted such a claim, the defendant hereby waives all right to do so. If any administrative forfeiture or civil forfeiture proceeding concerning any of the property described below has previously been stayed, the defendant hereby consents to a lifting of

1

the stay and consents to forfeiture;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The **following property** is forfeited to the United States:

- Marlin, 883, .22 caliber rifle, serial number 10647660;
- Marlin, 917, .17 caliber rifle, serial number 91635698;
- New England, Westinghouse M91, 7.62 caliber rifle, serial number 3965;
- Remington, 870 Express, 12 gauge shotgun, serial number B500883M;
- Remington, 870, 12 gauge shotgun, serial number X024077M;
- Remington, 870, unknown gauge shotgun, serial number V28233V;
- Rossi, S50BM, 12 gauge shotgun, serial number MP012503;
- Savage, 110, .270 caliber rifle, serial number F742007;
- Remington, 1100, 12 gauge shotgun, serial number M486547V;
- Remington, 6, .22 caliber rifle, serial number 464735;
- Savage, 10, .243 caliber rifle, serial number G854782;
- Remington, 1100, 12 gauge shotgun, serial number 252064M;
- Remington, 522, .22 caliber rifle, serial number 3140240;
- Savage, model unknown, 20 gauge shotgun, serial number unknown;
- Remington, 522, .22 caliber rifle, serial number 3059805;
- New England, Pardner, 20 gauge shotgun, serial number NG285896;
- Romania, UMC2, .22 caliber rifle, serial number V-4653;
- Marlin, 883 SS, .22 caliber rifle, serial number 01295738;
- High Standard, 58314, 16 gauge shotgun, serial number unknown;
- New England, Pardner, .410 gauge shotgun, serial number NN384327;
- Winchester, 03, .22 caliber rifle, serial number 92485;
- Keystone Sporting Arms, Cricket, .22 caliber rifle, serial number 228264;
- Remington, 1100, 16 gauge shotgun, serial number 555232W;
- Rossi, R17YB, .17 caliber rifle, serial number AC018435;
- Marlin, 336W, .30-30 caliber rifle, serial number 91048866;
- Remington, 572, .22 caliber rifle, serial number 1918609;
- Rossi, S41, .22 caliber rifle, serial number SP133356;
- Rossi, 62SA, .22 caliber rifle, serial number G325847;
- Remington, 710, .30-06 caliber rifle, serial number 71318546;
- Remington, 1100, .410 gauge shotgun, serial number R167391H;
- Remington, 1100, 12 gauge shotgun, serial number 252064M;
- Remington, 552, .22 caliber rifle, serial number 1712245;
- Ranger Arms, 101-11A, .22 caliber rifle, serial number unknown;
- Browning, A500, 12 gauge shotgun, serial number 751NM64291;

- Marlin, 100, .22 caliber rifle, serial number unknown;
- Smith & Wesson, 65, .357 caliber revolver, serial number BUA2008;
- Remington, 552, .22 caliber rifle, serial number A1920339;
- Browning, model unknown, .22 caliber pistol, serial number 39509T4;
- Ruger, Redhawk, .44 caliber revolver, serial number 501-49064;
- Marlin, 60, .22 caliber rifle, serial number 97438120;
- High Standard, Double Nine, .22 caliber revolver, serial number 1903647;
- 1766 rounds of assorted ammunition;
- Savage, model unknown, 12 gauge shotgun, serial number 111;
- Marlin, 75, .22 caliber rifle, serial number 27117460;
- Marlin, 99, .22 caliber rifle, serial number 25305104;
- Browning, model unknown, .22 caliber pistol, serial number 102645T8;
- Kimber, Grand Raptor II, .45 caliber pistol, serial number K302078;
- Tanfoglio, F.LLI S.N.C Witness, .38 caliber pistol, serial number EA41786;
- Springfield, Geneseo IL XD, .45 caliber pistol, serial number US675766;
- Jimenez Arms, J.A. 380, .380 caliber pistol, serial number 163408;
- Savage, model unknown, 12 gauge shotgun, serial number unknown;
- Savage, 40, .22 caliber rifle, serial number G401261;
- Remington, model unknown, 20 gauge shotgun, serial number 747;
- Remington, 1100, 20 gauge shotgun, serial number M519038K;
- Iver Johnson, Defender, .22 caliber revolver, serial number unknown;
- Harrington & Richardson, 700, .22 caliber rifle, serial number AS506465;
- New England, Pardner, 12 gauge shotgun, serial number NT220009;
- Rossi, Matched Pair, .410 gauge shotgun, serial number AP015990;
- New England, Pardner, 12 gauge shotgun, serial number unknown;
- Winchester, 70, .300 caliber rifle, serial number 744401;
- Springfield, model unknown, 12 gauge shotgun, serial number unknown;
- Remington, 552, .22 caliber rifle, serial number A1632331;
- 256 rounds of assorted ammunition;
- Browning, Buckmark, .22 caliber pistol, serial number 655NR16275;
- Colt, 1908, .380 caliber pistol, serial number unknown; and
- Mossberg, model unknown, 12 gauge shotgun, serial number unknown.

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

As to any firearms and/or ammunition listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all

right to further notice of such process or such destruction.

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

SO AGREED:

_____
DAVID A. THORNELOE
Assistant United States Attorney

_____
BOBBY DEWAYNE SHELTON
Defendant

_____
DONALD N. PATTEN
Attorney for Defendant

Signed this the 13th day of December, 2011.

_____
DENNIS HOWELL
UNITED STATES MAGISTRATE JUDGE

4